HAROLD SINGLETON
#234696 - Ramsey 1 Unit
1100 FM 655
Rosharon, TX 77583

September 4, 2015

ABEL ACOSTA, Clerk
Court Of Criminal Appeals Of Texas
P.D. BOX 12308
Austin, TX 78711

Dear Clerk;
Will you please present applicant's memorandum of law to the court for review.

Thank you,

*Harold S Singleton*

Harold Singleton #234696

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 08 2015
Abel Acosta, Clerk

83,560-01

EX-PARTE HAROLD SINGLETON
WRIT NO. 83-560-01

## MEMORANDUM OF LAW

TO THE HONORABLE JUDGES OF SAID COURT:

Applicant seeks permission to amend his application for writ of habeas that is before the court with this memorandum of law, and would show the following:

### I

Applicant has filed his application for writ of habeas corpus seeking relief because the Texas Board of Pardons and Paroles revoked applicant's parole without providing applicant a parole revocation hearing violating his due process rights, statutes governing parole hearings and sanctions of State of Texas, and with federal constitutional due process principals. V.T.C.A., Govt. Code §§ 508.281, 508.283; U.S.C.A. Const. Amend. 14: Title 37, Part 5, Ch.146, Rules § 146.

Statutes governing parole hearing (revocation) and sanctions require a revocation hearing before a panel of the Board or Pardons and Paroles. V.T.C.A., Govt. Code §§ 508.281, 508.283; Title 37. Part 5, Ch.146, Rules § 146.

Federal constitutional due process principles require that a parolee (Singleton) have an opportunity to be heard before a final decision of revocation of parole by parole board panel. Morrissey v. Brewer, 408 U.S. 471, 487-88, 92 S.Ct. 2593 (1972).

### II

The Applicant was granted parole by Texas Board of Pardons and Paroles on August 13, 2014 and was release on parole

Please see Parole Certificate attached.

August 17, 2014. Applicant was arrested on a warrant issued September 17, 2014. Applicant was returned back to TDCJ-CID on September 22, 2014, without a parole revocation hearing stating what conditions or rules applicant had violated pertaining to the parole Certificate applicant had signed before his release from prison. Applicant was returned to Byrd unit where he was process, and still was not afforded a revocation hearing on his request, or given a chance to be heard, present evidence of his behalf, or given representation by counsel.

## III

This Honorable Court has concluded in Ex Parte Cathom, 59 S.W.3d 677, 678 (Tex.Crim.App. 2001), " held that revocation of parole without a hearing violated both statutes governing parole hearing And sanctions and federal constitutional due process." at 677. This court ruled in Ex Parte Cathom, at 678, also, "We therefore, hold that the revocation of Cathom parole without a hearing was inconsistant with Sections 508.281 and 508.283 and federal constitutional due process principals. Habes corpus relief is granted, the order revoking Cathom's parole shall be set aside, and this case is remanded to the Board for proceeding consistent with this opinion."

In the case before the court applicant Singleton was not provided a revocation hearing just as Cathom. Applicant Singleton was arrested, detained and sent back to prison in a week times without a revocation hearing. Applicant Singleton was granted parole on August 13, 2014. Please see parole certificate attached. Singleton has provided the state thru the Travis County District Attorney

2

as required by rules of 11.07 to respond to his claim. The District Attorney failed to respond or present the 11.07 to the 167 Judicial District Court of Travis County, Texas. Without the trial courts authority the District Attorney forwarded applicant's Singleton 11.07 to this court.

## PRAYER

Applicant Singleton has not had a parole revocation hearing. He has been illegally detained back in prison after being granted parole, for a year. Applicant Singleton did not violate any rules of his parole conditions. Applicant prays for his immediately release. In the alternative this case should be remanded back to the trial court to determine whether applicant's parole was revoked without a revocation hearing.

Respectfully submitted,

Harold Singleton

Harold Singleton - Applicant
# 234696 - Ramsey 1 Unit
1100 FM 655
Rosharon, TX 77583

## Certificate of Service

I, Harold Singleton, certify that a true and correct copy of applicant's memorandum of law has been mailed to Travis County District Attorney on this the 4 day of September, 2015.

Harold Singleton

Harold Singleton # 234696

3

305



TDCJ-ID

Re

# State of Texas

## TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## PARDONS AND PAROLE DIVISION

### Certificate of Parole

Date of issuance: 07/25/2014

Name
SINGLETON, HAROLD L

TDCJ #
00234696

SID #
01877264

Legal county of residence
TRAVIS

Approved county of release
TRAVIS

Location:    Unit DA, TDCJ-ID

Cause#:    45061

The Texas Department of Criminal Justice Institutional Division (TDCJ-ID) of the State of Texas has determined that said offender is eligible for Parole under the provisions of Chapter 508, Texas Gov't. Code. THEREFORE, the Texas Board of Pardons and Paroles (Board) hereby orders that said offender be released under Parole and shall immediately report to the office indicated below for supervision:

AUSTIN CENTER
3154 EAST HWY 71
DEL VALLE, TX  78617
(512)386-5722



Report immediately & directly to your halfway house (HWH). If verifiable transportation delays or other emergency occurs, contact the HWH immediately. Failure to do so will cancel further gate money and result in the issuance of arrest warrant.

and shall be permitted to be at liberty in the legal custody of the Parole Division of the Texas Department of Criminal Justice but subject to the orders of the Board and the Texas Department of Criminal Justice Parole Division, and under the rules and conditions of Parole herein. The period of Parole shall be for a period equivalent to the maximum term for which the offender was sentenced less calendar time actually served on the sentence. The time to be served under Parole is also calculated as calendar time. The certificate shall become effective when eligibility requirements for Parole under Chapter 508, Texas Gov't. Code have been met or when Parole is ordered by the Board, and when all rules and conditions, including statutorily mandated, general and special conditions are agreed to by said offender.

## STATUTORILY MANDATED CONDITIONS

Unless otherwise provided, I shall reside in the county in which I resided at the time I committed the offense for which I was sentenced to the Institutional Division or the county of the offense for which I was sentenced to the Institutional Division if I was not a resident of the State of Texas.
I shall demonstrate an educational skill level that is equal to or greater than the average skill level of students who have completed the sixth grade in a public school in the State of Texas.
I shall submit to testing for alcohol or controlled substances.
I shall not communicate directly or indirectly with the victim; go to or near the residence, place of employment, or business of the victim; or go to or near a school, day-care facility, or similar facility where a dependent child of the victim is in attendance.
I shall not intentionally or knowingly communicate directly or indirectly with, nor intentionally or knowingly go near a residence, school, place of employment, or business of the offense for which I was sentenced to the Institutional Division.
I shall reimburse the State of Texas for the costs of any Post-Secondary Educational Programs in which I participated in TDCJ.
Upon written instruction from my supervising officer:
I shall participate in a drug or alcohol continuum of care treatment program.
I shall register as a sex offender under Chapter 62, Code of Criminal Procedure.
I shall not go in, on or within a distance specified by a parole panel of premises where children commonly gather, nor shall I supervise or participate in any Program that includes as participants or recipients, persons who are 17 years of age or younger, and I shall attend psychological counseling as specified by my supervising officer.
I shall perform not less than 300 hours of community service at a service project designated by a parole panel.

## SPECIAL CONDITIONS

S    - I shall submit to a substance (alcohol/ narcotics) treatment program, which may include urinalysis monitoring, attendance at scheduled counseling sessions, driving restrictions or any of the related components as directed by the supervising parole officer;
Y    - I shall comply with Electronic Monitoring program.

ISSUED BY ORDER OF THE BOARD OF PARDONS AND PAROLES AT AUSTIN, TEXAS ON THE 25TH DAY OF JULY, 2014.

If Parole is satisfactorily completed, maximum expiration
date will be:

Life

RISSIE OWENS
BOARD OF PARDONS AND PAROLES

Page 1

TDCJ-ID



Scanned Olive..

AUG 2 1 2014

by

# Certificate of Parole
## General conditions of parole release

| Name | TDCJ # | SID # |
|---|---|---|
| SINGLETON, HAROLD L | 00234696 | 01877264 |

In consideration of the Parole granted me by the Board, I do hereby accept such Parole. I recognize that my release is conditional based upon my performance of the following terms and conditions:

1. I shall upon release from the institution, report immediately, as instructed to my Parole Officer; thereafter, report as directed and follow all instructions from my Parole Officer.
2. I shall commit no offense against the laws of this State or of any other State or of the United States.
3. I shall reside in a specified place as approved by my supervising officer.
4. I shall not travel outside the State of Texas without the approval of my supervising officer.
5. I shall not unlawfully own, possess, use, sell, nor have under my control any weapon or illegal weapon.
6. I shall avoid persons or places of disreputable or harmful character.
7. I shall not enter into any agreement to act as "Informer" or special agent for any law enforcement agency without specific written approval of the Parole Division Director or designee.
8. I shall abide by all Special Conditions imposed upon me by the Board.
9. General Provisions:
   A. I hereby agree to abide by all rules of Parole supervision imposed by Texas or the receiving state including, but not limited to, the requirement that I appear at any hearings or proceedings concerning alleged violations of Parole as required by the law of the receiving state, any state in which I may be found or the State of Texas. I further agree and consent that the receiving state, if I am under the Interstate Compact for Adult Offender Supervision, or any state wherein I may be found while on Parole or under Parole jurisdiction, may conduct such hearings as deemed necessary, proper or which may be required by law.
   B. In the event I am granted the privilege of residing in and being under the supervision of any other state or territory under the Interstate Compact for Adult Offender Supervision pursuant to Texas Government Code, Section 510.07 and/or rules enacted by the Interstate Commission on Adult Offender Supervision and if for any reason I may be outside the State of Texas in violation of the terms and conditions of parole supervision I hereby agree to waive extradition to the State of Texas from any other state or territory jurisdiction in or outside of the United States where I may be found. I futher agree that I will not in any manner contest any effort by the State of Texas, the receiving state or territory or any other state or territory jurisdiction in or outside the United States, to return me to the State of Texas.
   C. I shall pay, during the period of my supervision, any and all outstanding fines, court costs and fees adjudged against me, to the clerk of the court of conviction, and I agree to provide my Parole Officer with documentation verifying payment of said amounts. I shall pay a supervision fee for each month that I am required to report to a Parole Officer as instructed by my Parole Officer.
   D. In the event I am placed in or allowed to reside in a halfway house or community residential facility, I hereby agree to go directly to and reside in the facility designated by the Parole Division until released by the Division. I shall abide by the rules of the facility and attend all required meetings. I shall not leave the physical confines of the facility and the property thereof, except for traveling to and from work, or as authorized by facility rules. During my stay, I shall pay 25% of my gross income to the facility if required. I shall leave all keys to any motor vehicle that I have use of with facility staff when the motor vehicle is not in use.
   E. As required by the Board, I shall obtain and keep in my possession a Texas Department of Public Safety (DPS) Personal Identification Card or Driver's License. I shall present said identification to law enforcement or Texas Department of Criminal Justice officials upon request.
   F. If I am released to a detainer and deported outside the international borders of the United States prior to the maximum expiration date shown on this Release Certificate, I shall not enter the United States unlawfully. In the event that I gain lawful entry into the United States, I shall report immediately, as instructed to the office shown on this Release Certificate. If at any time prior to the maximum expiration date shown on this Release Certificate said detaining agency fails to exercise custody, I shall immediately upon release (within 24 hours) report as instructed to the office shown on this Release Certificate.

I HEREBY CERTIFY that I fully understand and agree to be bound by each of the conditions under which I am being released. I further understand and agree that a violation or refusal to comply with any of the conditions of supervision may be sufficient cause for revocation of supervision. I understand that when a warrant or a summons is issued that the sentence time credit shall be suspended until a determination is made in such case and such suspended time credit may be reinstated should supervision be continued. I UNDERSTAND AND AGREE THAT WHILE UNDER SUPERVISION I REMAIN IN THE LEGAL CUSTODY OF THE PAROLE DIVISION OF THE TEXAS DEPARTMENT OF CRIMINAL JUSTICE SUBJECT TO THE ORDERS OF THE BOARD AND PAROLE DIVISION.

AGREED AND SIGNED

x _Harold L Singleton_      RECEIVED BY CFCU       AUG 18 2014
HAROLD L SINGLETON     AUG 27 2014    Date

I hereby certify that these rules, regulations and conditions have been explained to the releasee and he/she has agreed to abide by the same upon release.

_____
Parole Division Representative            Date   AUG 19 2014